IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHOUSAYKEO SAYSOURIVONG,

      Petitioner,                    No. CIV S-03-1747 RRB DAD P

  vs.

D. L. RUNNELS, et al.,

      Respondent.                ORDER

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 38 U.S.C. § 2254. On May 24, 2007, the assigned magistrate judge issued findings and recommendations recommending that habeas relief be denied on petitioner's sole claim that his right to due process was violated by jury instruction error. On July 23, 2007, petitioner requested a 90 day extension of time to file objections to those findings and recommendations. (Doc. No. 21.) Therein, petitioner explained that he was in administrative segregation and did not have access to his legal property. Id. By order dated July 26, 2007, petitioner was granted a 30 day extension of time to file objections. (Doc. No. 22.) Petitioner did not file objections. On October 3, 2007, the findings and recommendations were adopted, habeas relief was denied, this action was dismissed, and judgment was entered. Petitioner did not file an appeal.

1

Over two years later, on February 4, 2010, petitioner filed objections to the May 24, 2007 findings and recommendations and a motion to "recall mandate and reinstate appeal or in the alternative, motion for relief under Federal Rules of Civil Procedure 60(B)." (Doc. Nos. 27, 28.) Petitioner explains that he was unable to file his objections in a timely manner because: (1) from "April of 2007 through June of 2007" he was housed in administrative segregation; (2) he does not speak English; (3) he is "untrained in the law;" (4) he does not have funds to hire a lawyer; and (5) he had limited access to the prison law library while on lockdown. Petitioner requests that "the appeal in this matter be reinstated." (Motion to Recall Mandate, at 2.) The court construes petitioner's motion as a request that the judgment in this case be vacated and that his February 4, 2010 objections to the findings and recommendations be deemed timely filed.

Respondent filed an opposition to petitioner's belated motion on March 15, 2010. (Doc. No. 30.) Respondent argues that petitioner's motion is untimely and that, in any event, he is not entitled to relief under Fed. R. Civ. P. 60(b).

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)). Rule 60(b) provides for relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions seeking such relief are addressed to the sound discretion of the district court. Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). However, a

motion under Rule 60(b) must be made within a reasonable time and, with respect to reasons (1), (2) and (3) above, not more than a year after the entry of judgment or order from which relief is being sought.  Rule 60(c) of the Federal Rules of Civil Procedure.

Here, petitioner argues that his placement in administrative segregation, his inability to speak English, and his ignorance of the law prevented him from filing timely objections to the May 24, 2007 findings and recommendations.  Under these circumstances, petitioner's motion for relief from default is based on ground one identified above – excusable neglect.  Therefore, the one year filing period under Rule 60(c) applies.  As noted above, judgment was entered in this action on October 3, 2007.  Petitioner's request to reopen was not filed until more than two years later, on February 24, 2010.  Therefore, the request to reopen the action pursuant to Rule 69(b) is clearly untimely under Rule 60(c) and should be denied on that basis alone.

Even had petitioner's request been timely filed, it lacks merit.  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).  To determine when neglect is excusable, a reviewing court must examine four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  Lemoge, 587 F.3d at 1192.  None of these factors weighs in petitioner's favor.  Respondent would suffer prejudice were the court to reopen this case, which was litigated on the merits and has been closed for more than two years.  The length of the delay is substantial, especially considering that petitioner was released from administrative segregation in June, 2007, more than two years ago.  Petitioner's stated reasons for the delay, including his lack of English and ignorance of the law, lack credibility in light of the fact that petitioner diligently and competently pursued this habeas action when it was pending in this court.  Further, petitioner

was aware that he could file objections and was given an extension of time to do so. He simply failed to comply with the deadline for filing his objections to the findings and recommendations. This indicates a lack of good faith. In light of the above, petitioner has failed to demonstrate excusable neglect or any other reason justifying relief from the operation of the judgment entered in this case.

Accordingly, IT IS HEREBY ORDERED that petitioner's February 24, 2010 "Motion to Recall Mandate and Reinstate Appeal" is denied.

ENTERED this 8th day of April, 2010.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

/says1747.60b